Filing # 224846965 E-Filed 06/09/2025 04:05:36 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

THE FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION and
THE BOARD OF TRUSTEES OF THE
INTERNAL IMPROVEMENT TRUST
FUND OF THE STATE OF FLORIDA,

    Plaintiffs,

v.                                                    Case No.:

SEAQUEEN SHIPPING CORPORATION,
VICTORIA SHIP MANAGEMENT INC.,
and MARVIN R. ABIAD,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, the Florida Department of Environmental Protection (DEP) and the Board of Trustees of Internal Improvement Trust Fund (the Board), hereby sue Defendants SeaQueen Shipping Corporation, M/V Brighten Trader, Victoria Ship Management, Inc., and Marvin R. Abiad for violation of the Florida Coral Reef Protection Act, Section 403.93345, Florida Statutes, and allege:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages and other statutory relief pursuant to the Florida Coral Reef Protection Act (FCRPA), section 403.93345, Florida Statutes.

2. DEP is an agency of Florida state government authorized by section 20.255, Florida Statutes. DEP has been designated by the Florida Legislature as the State's lead trustee of coral reef resources located within the waters of the state and to bring this action for recovery of

1

monetary damages resulting from anchor-related injuries to Florida's coral reefs caused by Defendants. § 403.93345(4), Fla. Stat.

3. The Board consists of Florida's Governor, Attorney General, Chief Financial Officer, and Commissioner of Agriculture, and with certain exceptions not applicable to this case is charged with the acquisition, administration, management, control, supervision, conservation, protection, and disposition of all lands, including sovereign submerged lands, owned by the State. §§ 253.02, 253.03, Fla. Stat. All lands held in the name of the Board are held in trust for the people of Florda pursuant to Article II, section 7 and Article X, section 11 of the Florida Constitution. § 253.01, Fla. Stat.

4. Defendant SeaQueen Shipping Corporation (SeaQueen) is a Philippines corporation which is authorized to conduct and does conduct business in the State of Florida. SeaQueen is the owner of the cargo ship M/V Brighten Trader and Victoria Ship Management Inc.

5. Defendant Victoria Ship Management Inc (Victoria) is a Philippines corporation which is authorized to conduct and does conduct business in the State of Florida. Victoria is the operator of the cargo ship M/V Brighten Trader.

6. Defendant Marvin R. Abiad (Abiad) is a natural person who at all times material hereto served as Captain of M/V Brighten Trader in the waters of the State of Florida.

7. Defendants operate, conduct, engage in, or carry on business in the State of Florida, namely the delivery of goods to Port Everglades in Broward County, Florida by operation of M/V Brighten Trader at all times material to this Complaint, satisfying the requirements of Section 48.193(1), Florida Statutes.

8. This Court has jurisdiction pursuant to Section 26.012, Florida Statutes, as the amount in controversy in this case is in excess of $50,000.

9. The statutory violations alleged herein occurred in or affected a coral reef on sovereign submerged land located in Broward County, Florida.

10. All conditions precedent to this action have been fully performed or otherwise waived.

## STATEMENT OF FACTS AND DEFENDANT'S COURSE OF CONDUCT

11. Motor Vessel (M/V) Brighten Trader is a cargo ship owned and operated by SeaQueen Shipping Company, managed by Victoria Ship Management Inc, and captained by Marvin R. Abiad.

12. On or about June 14, 2021, M/V Brighten Trader arrived in the territorial waters of Florida offshore of Port Everglades in Broward County with the apparent intention of anchoring in the commercial anchorage designated by Port Everglades for ships waiting to enter the port to offload cargo.

13. Defendants violated the Florida Coral Reef Protection Act by anchoring the M/V Brighten Trader outside of the designated commercial anchorage for Port Everglades, causing its anchor and anchor chain to damage a coral reef constituting a valuable natural resource of the State of Florida.

14. Although Defendants knew or should have known that M/V Brighten Trader had caused damage to a coral reef within the territorial waters of the State of Florida, they failed to notify DEP as required by section 403.93345(5), Florida Statutes.

15. On June 14, 2021, FDEP's Coral Reef Conservation Program's (FDEP CRCP) Reef Injury Prevention and Response (RIPR) Program observed on PortVision 360 online that

M/V Brighten Trader had anchored outside of the designated Port Everglades Commercial Anchorage and potentially on coral reef habitat. DEP obtained the vessel's Automatic Identification System (AIS) track information from PortVision 360 to approximate an anchor location relative to the vessel's swing pattern and vessel track, and a site inspection was scheduled to investigate any potential damage to coral reef resources.

16. On 06/23/2021, RIPR Program staff located the injury site using the detailed vessel track Global Positioning System (GPS) coordinates acquired from PortVision 360, and visually confirmed damage to coral reef habitat at the expected location, and performed a full incident assessment.

17. To ensure proper identification of the responsible vessel, PortVision 360 was used to acquire a detailed vessel track for M/V Brighten Trader as well as a list of all AIS-tracked vessels transiting near the incident zone from 05/13/2021 through 06/23/2021. The information provided included vessel names, zone entry and exit times, speed, and duration in the zone, which was then used to investigate all potential responsible parties. After examining all vessels and associated position tracks, M/V Brighten Trader was confirmed to be the only vessel to anchor in the incident location during the check period.

18. FDEP CRCP recognizes 4 categories of reef damage, with "Class 1" being the least severe with the shortest expected natural recovery time and "Class 4" being the most severe and longest natural recovery time.

19. Based on observations during the site visit and the detailed vessel track of AIS coordinates acquired from PortVision 360, an estimated anchor drop location for M/V Brighten Trader was determined. The damage observed to the coral reef habitat was spread north to south, in a linear pattern near where M/V Brighton's anchor was estimated to have come to rest. The

injury assessment documented Class 2 and Class 3 injury-types at the site, with Class 2 injuries of scraped substrate and sheared sponges being the most prevalent. The overall damage pattern is indicative of an injury from a large-scale anchor-chain drag.

20. Total coral reef habitat area impacted was 45.511 square meters, including both the Class 2 and Class 3-level injuries.

21. Defendants have ignored several letters from DEP attempting to discuss the damage they have caused to the coral reef in question. Instead, SeaQueen and M/V Brighten Trader filed an admiralty lawsuit against DEP in the United States District Court for the Southern District of Florida, case no. 24-60557-CIV, seeking a declaratory judgment that it was not responsible for the damage claimed by DEP and the Board. That suit was dismissed by Order of United States District Judge Melissa Damian dated June 17, 2024.

## COUNT 1:
## VIOLATION OF THE FLORIDA CORAL REEF PROTECTION ACT

22. Plaintiff adopts, incorporates, and realleges herein by reference paragraphs 1 through 17 and all exhibits referred to, as if fully set forth herein, and further alleges:

23. Section 403.93345(2), Florida Statutes, establishes that this act applies to the sovereign submerged lands that contain coral reefs off the coasts of Broward and other Florida coastal counties.

24. Coral reefs are limestone structures composed wholly or partially of living corals, their skeletal remains, or both, and hosting other coral, associated benthic invertebrates, and plants; or hard-bottom communities, also known as live bottom habitat or colonized pavement, characterized by the presence of coral and associated reef organisms or worm reefs created by the *Phragmatopoma* species. § 403.93345(3)(c) 1-2, Fla. Stat.

25. Section 403.93345(3)(h), Florida Statutes, includes a responsible party as the owner, operator, manager, or insurer of any vessel.

26. Any responsible party that damages a coral reef within State waters must cooperate with the FDEP to undertake damage assessment and primary restoration of the coral reef in a timely fashion. § 403.93345(5), Fla. Stat. The amount of damage to a coral reef habitat may be calculated using habitat equivalency analysis. § 403.93345(7), Fla. Stat.

27. Habitat Equivalency Analysis (HEA) is a method developed by the National Oceanographic and Atmospheric Administration (NOAA) to scale compensation for habitat damage resulting from oil spills and other contaminant-related impacts. The method focuses on complete, in-kind replacement of services lost between the time of impact and when the restored or replaced habitat becomes fully functional. HEA accomplishes this by incorporating the concept of discounting from economic theory.

28. The FCRPA authorizes the FDEP to recover all damages from the responsible party, including but not limited to:

(a) Compensation for the cost of replacing, restoring, or acquiring the equivalent of the coral reef injured and the value of the lost use and services of the coral reef pending its restoration, replacement, or acquisition of the equivalent coral reef, or the value of the coral reef if the coral reef cannot be restored or replaced or if the equivalent cannot be acquired;

(b) The cost of damage assessments, including staff time;

(c) The cost of activities undertaken by or at the request of the department to minimize or prevent further injury to coral or coral reefs pending restoration, replacement, or acquisition of an equivalent;

(d) The reasonable cost of monitoring the injured, restored, or replaced coral reef for at least 10 years; and

(e) The cost of enforcement actions undertaken in response to the destruction or loss of or injury to a coral reef, including court costs, attorney's fees, and expert witness fees.

29. FDEP is also authorized to assess civil penalties in the amount of $1500 per square meter if the area damaged is in excess of 10 square meters, up to $375,000 per occurrence. 403.93345(8), Florida Statutes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, State of Florida, the Department of Environmental Protection and the Board of Trustees of Internal Improvement Trust Fund, respectfully requests that this Court:

A. Assess compensation for the value of the coral reef that cannot be restored or replaced in the amount of $30,117.00, pursuant to Section 403.93345(6)(a), Florida Statutes;

B. Assess the cost of damage assessments, including staff time in the amount of $5,974.01, pursuant to Section 403.93345(6)(b), Florida Statutes;

C. Assess the reasonable cost of monitoring the injured, restored, or replaced coral reef for at least 10 years in the amount of $4,861.10, pursuant to Section 403.93345(6)(d), Florida Statutes;

D. Award DEP and the Board attorney's fees and costs pursuant to the provisions of Section 403.93345(6)(e), Florida Statutes, and as otherwise may be allowable by Florida law;

E.  Assess civil penalties against Defendants, jointly and severally, in the amount of $68,266.50 (45.511m$^2$ x $1500 per m$^2$) pursuant to section 403.93345(8), Florida Statutes, as a result of damage they caused to coral reef habitat in State waters off the coast of Broward County, Florida;

F.  Award such other relief as the interests of justice shall require and that this Honorable Court may deem just and proper;

Respectfully submitted this 9th day of June 2025.

JAMES UTHMEIER
ATTORNEY GENERAL

/s/ Timothy L. Newhall
Timothy L. Newhall
Florida Bar No. 391255
Special Counsel
Coleman J. Batson
Senior Assistant Attorney General
Florida Bar No. 110018
Office of the Attorney General
PL-01 The Capitol
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Timothy.Newhall@myfloridalegal.com
Coleman.Batson@myfloridalegal.com
COUNSEL FOR PLAINTIFFS